**Provided to Walton CI**
**On** 2-5-15 **for Mailing**
Date

**Inmate's Initials** TLC

## CIVIL RIGHTS COMPLAINT FORM
FOR USE IN ACTIONS UNDER 42 U.S.C. § 1983

### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### PANAMA CITY DIVISION

TRACY COLLIER L.,

Inmate # **880017**                    ( JURY TRIAL DEMANDED  )   —

(Enter full name of Plaintiff)

vs.                                          CASE NUMBER: 5 : 15 CV 19 - RV - EMT
                                             **(To be assigned by Clerk)**

1. SHERIFF FRANK MCKEITHEN,

2. MAIL CLERK G. MCKEITHEN,

3. SGT. WELLMAN B. C J MAIL SUPERVISOR,

4. WARDEN R. ANGLIN,

5. CHEIF OF SECURITY, D. RIGSBY,

6. DETENTION OFFICER, OFFICER BAILEY

(Enter the full name of each defendant in
the same manner as above.  If additional
space is required, use the blank area
directly to the right.)

### ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

## I.   PLAINTIFFS:

State your <u>full name</u>, inmate number, and full mailing address in the lines below. Include the name of the institution in which you are confined.  Do the same for any additional Plaintiffs:

(A)   Plaintiff's name: **TRACY LASHOWNS COLLIER**

Plaintiff's inmate number: **880017**

Prison or jail: **PRISON**

Mailing address: **WALTON CORRECTIONAL INSTITUTION**

**691 INSTITUTION ROAD**

**DEFUNIAK SPRINGS, FL 32433**

## II.   DEFENDANTS:

State the <u>full name</u> of the defendant, official position, mailing address, and place of employment.  Do the same for **every** defendant.

(1)   Defendant's name: **FRANK MCKEITHEN**

Official position:     **SHERIFF**

Employed at:     **BAY COUNTY SHERIFF DEPT**.

Mailing address:     **3421 N. HWY 77**

**LYNN HAVEN, FL 32405**

(2)   Defendant's name: **G. MCKEITHEN**

Official position:     **MAIL CLERK**

Employed at:     **BAY COUNTY JAIL**

Mailing address:     **5700 STAR LANE**

**PANAMA CITY, FL 32404**

(3)   Defendant's name: **MR. WELLMAN**

Official position:     **SGT./MAIL SUPERVISOR**

Employed at:     **BAY COUNTY JAIL**

Mailing address:     **5700 STAR LANE**

**PANAMA CITY, FL 32404**

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

(4)     Defendant's name: **WARDEN R. ANGLIN**

Official position:     **WARDEN BAY COUNTY JAIL**

Employed at:     **BAY COUNTY JAIL**

Mailing address:     **5700 STAR LANE**

**PANAMA CITY, FL 32404**

(5)     Defendant's name: **D. RIGSBY**

Official position:     **CHIEF OF SECURITY**

Employed at:     **BAY COUNTY JAIL**

Mailing address:     **5700 STAR LANE**

**PANAMA CITY, FL 32404**

(5)     Defendant's name: **OFFICER BAILEY**

Official position:     **DETENTION OFFICER**

Employed at:     **BAY COUNTY JAIL**

Mailing address:     **5700 STAR LANE**

**PANAMA CITY, FL 32404**

III.                              **EXHAUSTION**

Petitioner arrived at Bay County Jail April 16, 2013 and was being held as a Pretrial detainee under U.S. Marshalls. During this time Petitioner/Plaintiff mailed several outgoing letters to family and friends.

Plaintiff began to doubt his mail was being sent out after a number of reports that letters never arrived from different sources.

Suspicions were confirmed when Plaintiff lawyer Rachael Virga informed him during trial that the I.R.S. agency had given her what appeared to be letters Plaintiff had mailed out from Okaloosa Correctional Institution that were obviously intercepted and Plaintiff was never notified of the destruction and non-delivery of mail.

Plaintiff fearing that officials at the Bay County Jail had done likewise wrote a request on 1-20-14; also 11-5-13, 11-8-13, 11-12-13, 12-2-13, 12-26-13 and 1-3-14, 1-6-14. The Sheriff Frank McKeithen was sent a letter concerning this violation of law concerning outgoing mail non-delivery 4-9-14 and never responded as was Warden Anglin same date.

On 3-25-14 Kathy Walton, an employee at Bay County Jail who stated "she's the processor of informal resolutions." failed to provide Plaintiff with a formal grievance after Plaintiff correctly submitted informal and all required attachments following the directives of which were presented as stated in response dated 5-2-14. [Record was maintained]The processor was not collecting grievances from designated box for review

Plaintiff submitted grievance 4-9-14, it was designated to SGT. Wellman 4-11-14, and SGT. Wellman failed to respond as he did so on other occasions such as 3-19-14, 4-3-14, and 3-4-14. Plaintiff kept those records as well, for proof to support his claim.

Plaintiff notified Chief D. Rigsby 5-30-14, and he failed to respond, yet advised classification officer W. Tyndal to not do any more notary for him (TRACY COLLIER) concerning the issues and clearly threatens the case manager to not document any future documents so that they (the officials) could cover up the truth concerning the letters removed.

No remedy existed to proceed further after Defendant's Anglin, Rigsby, and subordinates collusively conspired to not allow Plaintiff access to formal grievance policy.

Plaintiff has a confidential witness to support his accounts and defendants efforts to disturb the Administrative remedy are here shown by their efforts to prevent the production of these claims

Plaintiff placed into internal grievance box another notice 6-2-14, and chief of security D. Rigsby and administrative chief D. Slusser continued to fail by not responding although Plaintiff and witnesses will confirm the evidence of denial to access to grievance system, and willful obstruction by supervisor.

Bay County Jail officials are working to prevent any effort by the Plaintiff to present credible proof of not only submitting the grievances but also to deny due process of law.

These are actions by defendants promoting bad faith and intentionally with malicious purpose to destroy evidence of videos, and their threats to other employed individuals to not provide any favorable testimony toward the situation.

Defendant's Anglin the Warden, Chief of Security D. Rigsby, and other named defendants are and where using positions of authority to prevent the actual facts from being documented.

Plaintiff within his notice to file suite toward the jail and so named officials requested the videos be maintained of 11-1-12, and all documents of interest as well as statements made by employees.

Plaintiff has several Officers employed at Bay County Jail who want to remain confidential but are willing to give meaningful testimony of their knowledge concerning the malicious behavior of Defendants.

Plaintiff attempt to document actions of supervisors was cut short by officers who would destroy legal documents. On 6-6-14, Officer Bailey snatched a legal motion out of CORP. Flowers hands and tore it into bits on camera and declared "I don't give a damn who you tell, or write your little law suit on cause they wont go no where!"

Plaintiff attempted to file a complaint 6-6-14 but was sent to prison 6-9-14 and defendants never responded to the destruction of legal document.

## III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES:

**Exhaustion of administrative remedies is required prior to pursuing civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e (a). Plaintiff is warned than any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subjected to dismissal.**

## IV.   PREVIOUS LAWSUITS:

NOTE: UNDER THE PRISION LITIGATION REFORM ACT OF 1995, 28 U.S.C. § 1915 (AS AMENDED), NO PRISONER SHALL BRING A CIVIL ACTION OR APPEAL A JUDGMENT IN A CIVIL ACTION UNDER 28 U.S.C. § 1915 IF THE PRISONER HAS, ON 3 OR MORE PRIOR OCCASIONS, WHILE INCARCERATED OR DETAINED IN ANY FACILITY, BROUGHT AN ACTION OR APPEAL IN A COURT OF THE UNITED STATES THAT WAS DISMISSED ON THE GROUNDS THAT IT IS FRIVOLOUS,

MALICIOUS, OR FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE
GRANTED, UNLESS THE PRISONER IS UNDER IMMINENT DANGER OF SERIOUS
PHYSICAL INJURY. THEREFORE, IT IS EXTREMELY IMPORTANT THAT THIS
SECTION BE COMPLETED IN **THE MOST TRUTHFUL AND COMPLETE MANNER
POSSIBLE.** FAILURE TO GIVE COMPLETE AND TRUTHFUL INFORMATION
ABOUT PRIOR CASES CAN RESULT IN THE **DISMISSAL** OF THIS ACTION.

A. Have you initiated other actions in **state** court dealing with the same or <u>similar</u>
   facts or issues as involved in this action?     Yes (  )          No ( ✓ )

B. Have you initiated other actions in **federal** court dealing with the same or
   <u>similar</u> facts or issues as involved in this action?   Yes ( ✓ )   No (  )

   (1) Parties to previous action:

   Plaintiff (s): **TRACY L COLLIER**
   Defendant (s): **B.C.S., F. MCKEITHEN, G.MCKEITHEN, R. ANGLIN**

   (2) District and Judicial division: **NORTHERN/PANAMA CITY, FL**

   (3) Case Number: **3:14-CV-00470-MCR-EMT**

   (4) Name of Judge: **UNKNOWN**, ELIZABETH M. TIMOTHY

   (5) Approximate filing date: **9-9-14**

   (6) Approximate disposition date:  **STILL PENDING** / 11-17-14 dismissed
   (7) REASON FOR DISMISSAL: MALICIOUS

D. Have you initiated other actions (other than those listed in (A) or (B) in state
   or federal court relating to the fact or matter of your imprisonment or the
   conditions of your imprisonment?        Yes ( ✓ )          No (  )
   (1) Parties to previous action:

   Plaintiff (s): **TRACY L COLLIER**
   Defendant (s): **SHERIFF F. MCKEITHEN, G. MCKEITHEN, SGT.
   WELLMAN, WARDEN R. ANGLIN, CHIEF OF SECURITY D. RIGSBY,
   OFFICER BAILEY**

   (2) District and Judicial division: **NORTHERN/PANAMA CITY, FL**

   (3) Name of Judge: **UNKNOWN**

   (4) Case Number: **5:14-CV-226-RS-EMT**

SECTION IV(C) continued:

1. Parties to previous action:
   A. Plaintiff(s): TRACY L. COLLIER
   B. Defendant(s): FRANK McKeithen et al.
2. District and judicial division: Northern/Panama
3. NAME OF JUDGE: RS/EMT          CASE NO. 514 CV 226
4. Approximate filing date: 9-9-14
5. If Not still pending, date of dismissal: 10-3-14
6. Reason for dismissal: Malicious
7. Facts And Claims of case: deprived of personal property use of excessive force

1. Parties to previous action:
   A. Plaintiff(s): TRACY L. Collier
   B. Defendants: McKeithen et al.
2. District and judicial division: NORTHERN/PENSACOLA
3. NAME OF JUDGE: RS/CJK          CASE NO: 5:14 cv 136
4. Approximate filing date: unknown
5. If Not still pending, date of dismissal: 8-12-14
6. Reason for dismissal: failure to respond to court order
7. Facts And claims of case: denied or deprived of personal property
   and use of excessive force upon him violating his constitutional RIGHTS

1. Parties to previous action:
   A. Plaintiffs: TRACY L. COLLIER
   B. Defendants: U.S. Government I.R.S. Division, D.O.C. et al.
2. District and judicial division: NORTHERN/PENSACOLA
3. Name of JUDGE: ELIZABETH TIMOTHY M/CASE NO.: 3:14 cv 470
4. Approximate filing date: 9-9-14
5. If Not still pending, date of dismissal: 11-17-14
6. Reason for dismissal: Malicious
7. Facts and claims of case: violation of 1st Amendment right to
   correspond, deprivement of personal property

1   Parties to previous action
A. Plaintiff(s): Tracy L. Collier
B. Defendant(s): ~~McKeithen, et al~~ CCA
2. District and judicial division: Northern / ~~Pensacola~~ PANAMA CITY FL
3. Name of Judge: MMP/SMN          CASE NO.: 5:01 cv 205/MMP/SMN
4. APPROXIMATE FILING DATE: UNKNOWN / DISMISSAL DATE: UNKNOWN
5. Reason for dismissal: UNKNOWN
6. Facts and claims of case: deliberate indifference, cruel and unusual punishment.


1   Parties to previous action:
A. Plaintiff(s): TRACY L. COLLIER
B. Defendants: U.S. GOVERNMENT (IRS); D.O.C. et al.
2. District and judicial division: NORTHERN/PENSACOLA
3. Name of Judge: ELIZABETH TIMOTHY E. /CASE NO.: 3:14 cv 470 MCR/EMT
4. Approximate filing date: 9-9-14          Dismissal date: 11-17-14
5. Reason for dismissal: MALICIOUS
6. Facts and claims of case: Violation of 1st Amendment, Right to correspond


1. Parties to previous action:
A. Plaintiffs: Tracy L. Collier
B. Defendants: FRANK McKEITHEN et al.
2. District and judicial division: NORTHERN/PENSACOLA
3. Name of Judge: ELIZABETH TIMOTHY   /CASE NO.: 5:14 cv 226/RS/EMT
4. Approximate filing date: 9-9-14          Dismissal date: 11/3/14
5. Reason for dismissal: MALICIOUS
6. Facts and claims of case: Deprived of personal property and use of excessive force upon him in violation of constitutional rights

(5) Approximate filing date: **9-15-2014** (6) DISMISSED  11-12-14

(7) REASON GIVEN FOR DISMISSAL  MALICIOUS

Have you initiated other actions (other than those listed in (A) or (B) in state or federal court relating to the fact or matter of your imprisonment or the conditions of your imprisonment?         Yes ( ✓ )         No ( )

(1) Parties to previous action:

Plaintiff (s): **TRACY L COLLIER**
Defendant (s): **(C.C.A) CORRECTIONS CORPORATION AMERICA**

(2) District and Judicial division: **NORTHERN/PANAMA CITY, FL**

(3) Case Number: **5:01-CV-205-MMP-SMV**

(4) Name of Judge: **UNKNOWN**

(5) Approximate filing date: **UNKNOWN**

(6) If not still pending, date of dismissal: **UNKNOWN**

(7) Reason for dismissal: **DON'T RECALL**

(8) Facts and claims of case: **DELIBERATE INDIFFERENCE, CRUEL AND UNUSUAL PUNISHMENT**


## V.    STATEMENT OF FACTS:

Using numbered paragraphs, state as briefly as possible the **FACTS** of your case. Describe how each defendant was involved and what each did or did not do to give rise to your claim.  Include the names of persons involved, dates, times, and places.  State exactly what happened.  **DO NOT make arguments or cite any cases or statutes.** You may make copies of these pages and attach additional sheets of paper if needed:

1. Defendant G. McKeithen knew or should have known that obstructions of

   outgoing mail occurred as she was mail clerk and was responsible for delivery of

   outgoing correspondence and failed to ensure Plaintiff's letters got to Post officer

   for delivery.

2. Defendant G. McKeithen as the mail clerk worked on or between April 16, 2013 till June 9, 2014, when Plaintiff left the jail and did deliberately conceal that all Plaintiff's outgoing letters were being intercepted and prevented them form being mailed although none of them presented any threat or broke any law or rule, yet was not delivered to addressed individuals causing deprivation of property.

3. Defendant G. McKeithen failed to provide any notice that mail had been confiscated or respond to any of request inquiring about the non delivery of the letters from the Plaintiff intentionally withholding facts that caused significant loss of property.

4. Plaintiff's loss consisted of postage over a year and relationships were someone who collected mail outgoing on or about 3-3-14; Plaintiffs mail was taken and read to Mike (last name unknown) from a source identifying himself as a investigator who intercepted a letter written to Cathy Collier, William Collier JR., and Lyric Gainer. The Contents of that letter to Cathy Collier were read over the phone to Mike and cause irreparable harm that destroyed the contact between Mike and Cathy Collier which caused her to disconnect with Plaintiff.

5. G. McKeithen prevented a 1983 Civil Rights Violation Suite from being filed that was given to case manager W. Tyndal   to send to G. McKeithen for postage to be withdrawn and after Tyndal got the motion to defendant McKeithen 5-25-14; the defendant G. McKeithen never mailed the motion 6-2-14

6. Defendant SGT. Wellman purposely refused the intervene, and perform duty of ensuring that Plaintiff's outgoing mail was given to Post officer for its delivery prior to notice by Plaintiff and afterwards causing los of property.

**9**

7.  Defendant SGT. Wellman conspired under the cloak of duty of State Law to willfully obstruct the passage of Plaintiffs mail between 4-16-13 and 6-9-14.

8.  Plaintiff notified SGT. Wellman by request and informal grievance dated 4-9-14, 3-19-14, 4-3-14, 5-2014, 3-4-14, concerning toll of non passage of his out going letter, and Defendant SGT. Wellman, mail supervisor failed to investigate.

9.  Defendant SGT. Wellman acts show's the intentional obstruction of all the Plaintiff outgoing mail as he did nothing to protect the constitutional rights of Plaintiff.

10. Defendant G. McKeithen and SGT. Wellman both deprived and failed to send a notice that outgoing mail was being intercepted and leaked personal thoughts of actual contents within correspondence to Mike (last name unknown), which had no penological objectives other than to damage the relationships.

11. Defendant Chief of Security D. Rigsby was notified by request as early as 4-2-14 and surely by a filed informal grievance dated 4-9-14, concerning the discovery of someone collecting Plaintiff's outgoing letters and availing the contents of the letter to someone not connected to Bay County Jail, and that Plaintiff's outgoing mail was being obstructed by staff.

12. Defendant D. Rigsby knew of this non-passage of Plaintiff mail, and he was actually directing subordinates to perform the obstruction as he was their supervisor and participated in the unlawful deed making it policy.

13. Defendant Rigsby notifies Mr. William Tyndal that he was to stop notarizing Plaintiffs request, and grievances, etc. to prevent Plaintiff from having documented material to produce to support his claim. 5-20-14

14. Defendant was acting under performance of duty and State Law, where he purposely used his authority at Chief of Security over Bay County Jail to hinder redress of Plaintiff and exercised a misuse of authority as he caused employees to not be willing to assist in providing statements for fear of losing their jobs, and has willfully obstructed justice by destroying evidence as he destroyed letters addressed to Cathy Collier 3-3-14. That was never mailed but used to contact Mike, her acquaintance. [DESTRUCTION of All other corres oondences was by defendant.]

15. Warden R. Anglin a Defendant herein was notified of the events and informed Plaintiff's outgoing letters were not being delivered, that at least one of his officials had removed a letter addressed to Cathy Collier, on or about 3-3-14 was removed and read over the phone to Mike (last name unknown), a non employed individual of Bay County Jail.

16. Defendant did not respond, a grievance was submitted an informal, 4-9-14 grievance, an informal 5-2-14 which Warden Anglin knew of because Plaintiff also wrote a letter dated 4-9-14 and explained the concerns now before court.

17. Defendant Anglin did fail to guarantee the deliverance of Plaintiff's mail as it continued to be seized and was intercepted on at least 9 later different occasions which have been documented between 4-9-14, and 6-9-14. Which the video will show that Plaintiff mailed out countless letters that never arrived to the addressed individuals who will testify to these facts in a court of law.

18. Defendant Anglin did not conduct any investigation to discover the unlawful deed of employee's, defendant Anglin acting in duty under color of State laws did know the mail was being obstructed and did nothing to ensure it's safe passage after a review of letters showed no cause for non-delivery to whom it was addressed to

which violated Plaintiff's first Amendment right to correspond. As well as rights under fourteenth and fifth amendments under liberty interest because to correspond is a liberty interest protected by due process and the Plaintiff is entitled to notice when incoming or outgoing mail is rejected, confiscated, or intercepted.

19. Defendant F. McKeithen was so notified by mail placed in box 4-9-14, and he is respondent superior and is responsible for those employed at Bay County Jail and their actions, who acted under color of state law.

20. Defendant F. McKeithen was the sheriff over the jail between 4-16-13 and 6-9-14; those acting on his behalf were not properly trained and were in the belief of job duties performance when they obstructed mail.

21. Defendant F. McKeithen is the father in law to defendant G. McKeithen and she did fail to send out a legal pleading dated 5-20-14 (a 1983 Civil Rights Complaint under U.S.C. §1983) submitted to Case Manager W. Tyndal on or about 5-28-14 for him to present to G. McKeithen to withdraw money from account to mail out as she was mail clerk and it was never mailed.

22. Defendants have not come forward with any penological justification for said restrictive policies concerning them not forwarding those letters once they cleared inspection, nor the non-notification of the obstruction.

23. Defendants willfully refused to advise Plaintiff concerning his protected guaranteed right under first amendment although Plaintiff made multiple inquires about the actors surrounding the obstruction of outgoing mail.

24. Officer Bailey on 6-6-14 did snatch a legal drafted motion out of Corporal Flower's hands during the last meal and proceeded to destroy the motion.

25. This was a previous constructed motion in pursuit of civil damages against the sheriff F. McKeithen and Warden Anglin, G. McKeithen, SGT. Wellman, for obstruction of mail delivery.

26. Officer Bailey tore the motion into bits and tossed it into the pod garbage. This was done on video camera, and is evidenced by such recording in addition supervisor Phillips was shown the torn up motion on 6-7-14.

27. These presentation of facts provide a clear and convincing showing of negligence and abuse of power and that the officials refuse to intervene and protect rights under U.S. constitution which the right to redress is a guarantee and under protected under the law.

28. The Warden disregard for the basic rights which show no objective other than to prevent allowing incarcerated pretrial detainees from the access to courts by allowing them (officer Bailey) to destroy Pro Se motions is a violation and unconstitutional. (Attempts to file grievance were not responded to by Respondents.)

## VI.   STATEMENT OF CLAIM:

State as briefly as possible what rights under the Constitution, laws, or treaties of the United States you claim, and relate each claim to the facts in the complaint. **If the claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint**.

**[Numbers 1-5]** Were defendant F. McKeithen failed to provide service of outgoing mail delivery being Bay County Jail, mail clerk did violate U.S. Const. amendment one, disallowing freedom of speech and Plaintiff's right to correspond which is protected by Due Process and is under liberty interest, violating (5th) fifth and (14th) amendments as well as equal protection of law. Further defendant failed to give Plaintiff

notice of mail being intercepted and did cause the mail deprivation willfully knowing or should have known it to be unlawful and did cause a loss of personal property that is prohibited by the Fifth Amendment.

**[Numbers 1-10]** Defendant Wellman did not act to prevent the actors in numbers 1-5 and was supervisor over mail for Bay County Jail. The defendant without any penological objective did violate the Plaintiffs right under U.S. Const. concerning the 1st, 5th, and 14th amendments.

Defendant Wellman purposely refused to protect Plaintiff's rights to correspond, due process and right to not suffer loss of property, but also failed to allow equal protection of law.

Defendant knew of non-passage of Plaintiff outgoing mail yet he refused to acknowledge to obstruction although Plaintiff sent several request, filed grievance and tried to gain the facts but defendant Wellman prevented the Petitioner from collecting facts and did not want to incriminate himself or others involved.

**[Numbers 11-14]** Defendant D. Rigsby was the chief of security over the Bay County Jail and did intentionally caused violations of the 1st, $5^{th,}$ and 14th amendments of U.S. Const.

Defendant Rigsby had instructed that all Plaintiffs mail be collected by Defendants G. McKeithen, and SGT. Wellman and placed within his office, and that no notice be given to Plaintiff although it's a violation of law not to inform the Plaintiff when mail is being intercepted.

Defendant Rigsby further acted as a trouble shooter to keep Plaintiff from acquiring any evidence of the mail obstruction. Defendant Rigsby did not allow the

Plaintiff's outgoing mail to be delivered even after he received it and found no wrongs or violations to warrant non-delivery.

Thereby violating equal protection of law just as all other inmates or detainees enjoyed the usage or corresponding with other, defendant Rigsby disallowed Plaintiff, this protected right and did obstruct the collection of evidence and cause property loss and the freedom of speech to be non-existent with his directives to subordinates.

Defendant Rigsby's misuse of authority and abuse of authority and abuse of power did cause redress to become isolated by threatening others employed to avoid the production of clear evidence and failed to follow allowment of the grievance procedure in order to keep plaintiff from being able to present claim validation due process, and right to access to court to file civil complaint and denied right to correspond.

**[NUMBERS 15-18]** Defendant Anglin did violate plaintiff's right to correspond first Amend.; right to due process and right to not suffer loss of personal property. Defendant Anglin was the warden over Bay County Jail during time plaintiff was a pretrial detainee at the jail and did agree to allow plaintiff's mail to be obstructed by detention officers confiscating of all outgoing letters.

Defendant Anglin actions prompted subordinates supervisors and superiors to act unlawfully and did cause plaintiff's outgoing mail to be deliberately intercepted with no penological objectives.

Thus violating plaintiff's right to correspond, and acted reckless or caused a callous indifference to plaintiff's rights under 1st, 5th, and 14th amendments of U.S. Constitution.

[**Numbers 19-23**] Defendant Frank McKeithan Sherriff over the Bay County Jail failed to properly investigate or intervene to protect plaintiff from loss of property and violated plaintiff's rights 5 and 14 as the first amendment states, "it is forbidden to abridge freedom of speech and that prisoner and correspondent have first amendment right to communicate with each other."

Defendant F. McKeithen did cause his daughter in-law to destroy a legal action against Bay County Jail, and sheriff disallowing the right to or have access to court as G. McKeithen was the mail clerk.

These defendants purposely engaged in collusion to hinder the process to present claim in court, and allow passage of legal mail.

Their collective intent to destroy correspondences, to contact a person and reveal secretive information between plaintiff and person addressed/correspondent was grossly negligent causing an invasion of privacy that the law strictly prohibits as U.S. Const. Amendments guarantee and defendant are responsible for these violations.

Defendant McKeithan could have intervened but failed to do so and endorsed the illegal and unlawful actors described herein. It is a violation of right to correspond, which is a liberty interest protected by due process.

[**Numbers 24-28**] Defendant Sheriff Frank McKeithen was the respondent superior and is responsible for those employed at Bay County Jail, Defendant MCKeithen is responsible for their actions and inactions.

The defendants G. McKeithen, Wellman, D. RIgsby, R. Anglin, and Baileᵷwere not properly trained who acted on defendant F. McKeithen behalf under color of state law and in belief of job duties. Said actions were done maliciously and sadistically with sole purpose intent to cause, personal loss to Plaintiff in retaliation to filed complaints

Defendant McKeithen was notified by mail 4-9-14 and failed to do or have performed and investigation into plaintiff's claims of mail obstruction, and the act of mail being enclosed to others of non-attachment to any penological association for restrictive policies concerning non forwarding of the letters after they cleared review or inspection, which caused deprivation of property and loss.

Plaintiff has a constitutional right to have mail outgoing promptly delivered or forwarded and the destruction, misuse, and non delivery of those correspondences, for nearly a year and a half violated the first amendment of U.S. Constitution and his right to correspond[which to date have not been returned or mailed]

Which is a liberty interest covered and protected by due process under fifth and fourteenth amendments of U.S. Constitution.

Defendant's failure to give notice that mail was being intercepted was warranted, and, unlawful for defendants not to inform plaintiff especially when he asked for the information several times.

Defendants Anglin, Rigsby, and F. McKeithen made the policy of obstructing the mail outgoing of plaintiffs. These defendants collectively endorsed the actors of refusal to deliver plaintiffs outgoing correspondences routine and normal procedure.

Thus promulgated its policy to cause the deprivation of personal property and loss without regard to plaintiff's rights under U.S. Constitution.

Defendant Sherriff F. McKeithen, Warden R. Anglin, and chief of security D. Rigsby, had specific duties as superiors which are ministerial as they are absolute involving the execution of their respective duties and failed to carry out the law.

These defendant's chose to attempt to cover up their willful acts of obstruction of delivery of mail outgoing, deprivation of personal property by disallowing plaintiff the

action of redress through their grievance system and by refusal to deliver legal mail to court in and attempt to prevent this cause from being filed which is now presented for court review, because No other remedy exists

Plaintiff asserts he paid for envelopes, stamps, photos and has several individuals who are ready to testify of the non-delivery of his mail by Bay County Jail Officials.

Further Plaintiff can prove the willful acts on behalf of defendants G. McKeithen to not mail out civil suit, of plaintiffs (5-20-13) in order to prevent suit against her father-in-law Sherriff Frank McKeithen.

Plaintiff also can provide evidence of Chief Rigsby Actions to deny to plaintiff opportunity to file a formal grievance and present credible testimony from confidential witnesses who will inform the court how defendants Warden Anglin and Chief of Security D. Rigsby orchestrated methods to prevent plaintiff from only remedy to address his claims.

Plaintiff can prove that all so named individuals knew or should have known their actions were unlawful which is why they tried to prevent the production of this civil suit. Plaintiff can prove Officer Bailey destroyed motion to prevent plaintiff from having any access to court.

Plaintiff herein submitted this civil suit in good faith under the affirmation of truth as stated above here in.

Sincerely,
Troy L Collins

## VII. RELIEF REQUESTED:

State briefly what relief you seek from this court. Do not make any legal arguments or
cite any cases. You May, if you wish, cite statutes which authorize the relief requested,
but need not do so.

Plaintiff seeks compensatory damages of $10,000.00 from each listed defendant

here in and punitive damages of $50,000.00 from defendant Frank McKeithen who is

being sued in his personal and official capacity for violating 1, 5, 14 U.S. Const. Amen.

Rights for willfully obstructing mail delivery and loss of property.

Plaintiff seeks $10,000.00 in compensatory damages for the loss of his personal

property stamps, letters, envelopes, and photos of sentimental attachment and

$50,000.00 in punitive damages from Chief of Security D. Rigsby who willfully violated

U.S. Constitution under 1st, 5th, and 14th.

Defendant Rigsby is being sued in his individual and official capacity for these

actions so committed by him ask claimed within.

Defendant Wellman, the mail supervisor for Bay county Jail who acted under

color of state law, where he prevented plaintiff's outgoing mail to be obstructed willfully

is being sued in his individual and official capacity. Plaintiff seeks $10,000.00 in

compensatory damages for the loss of his personal property, stamps, letters, envelopes

and photos of very sentimental value that defendant caused to be lossed [plaintiff

seeks $50,000 in punitive damages]

Defendant G. McKeithen is the mail clerk and in performance of her duty did

deliberately cause the non-delivery of plaintiff's outgoing mail and acted under color

state law.

Plaintiff is seeking $10,000 in compensatory damages for the loss of his personal property, mail, envelopes, stamps, and photos of sentimental significance that can not be replaced.

Defendant McKeithen disallowed a civil motion of legal interest against her father-in-law Frank McKeithen to be mailed and violated due process, freedom of speech, right to correspond without justification to not mail outgoing letters to the addressed individuals. Plaintiff seeks $50,000 in punitive damages for actions described herein.

Plaintiff request $15,000 in compensatory damages from Officer Bailey who is responsible for the egregious destruction of plaintiff's legal motion, and $25,000 in punitive damages for spoken threats, cell isolation, and intimidation tactics.

Officer Bailey was employed as a detention officer at Bay County Jail and is sued in his individual capacity and under official capacity as an employee at Bay County Jail. He acted under color of State Law knowingly acting in defiance of law and the rights of plaintiff.

When he destroyed a legal redress civil pleading to undermine the plaintiff's access to courts, and in doing so violated the U.S. Constitution and ethics under which he swore to uphold as a detention officer and employee of Bay County Sherriff Department.

**VIII.   I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF GACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

Signed this __28__ day of __JANUARY_____, 20_15_.

Tracy L. COLLIER 880017

WALTON Correctional Institution
691 INSTITUTION RD.
DEFUNIAK SPRINGS FL. 32433

_Tray 2 Colli_
(Signature (s) of Plaintiff (s))

9

I declare (or certify) under penalty of perjury that this complaint was
☑ delivered to prison officials for mail on: the _28_ day of _January_ 2015

_Tracy 2 Collier_
SIGNATURE

MAILED
FROM A
CORRECTIONAL
INSTITUTION

MR TRACY L COLLIER # 880017
WALTON CORRECTIONAL INSTITUTION
691 INSTITUTION RD.
DEFUNIAK SPRINGS FL. 32433

**LEGAL MAIL**
**MAILED FROM A**
**CORRECTIONAL INSTITUTION**

CLERK U.S. DISTRICT C
NORTHERN DISTRICT
1 NORTH PALAFOX St.
Pensacola FL. 32502