IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TRACY L. COLLIER,
    Plaintiff,

vs.                                          Case No.:  5:15cv19/RV/EMT

FRANK MCKEITHEN, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This matter is before the court on Plaintiff's Motion to Dismiss Without Prejudice (doc. 12). Plaintiff also filed a "Motion for Waiver or Dismiss [sic] Filing Fee" (doc. 13).  He requests that the court waive or "dismiss" the filing fee assessed in the court's order granting Plaintiff's motion to proceed in forma pauperis ("IFP") (*see* docs. 2, 4).

        Rule 41(a)(1)(A)(i) provides that an action may be dismissed without an order of the court by filing a notice of dismissal at any time before the adverse party serves an answer or files a motion for summary judgment.  Because none of the Defendants have yet been served in the instant case, it is clear that Plaintiff is automatically entitled to a voluntary dismissal at this time.

        Regarding Plaintiff's request to relieve him of his obligation to pay the filing fee, the court notes that when Plaintiff signed the Prisoner Consent Form, submitted with his IFP motion, he acknowledged his understanding that he was obligated to pay the filing fee in full, regardless of the outcome of the case.  The Form states, in pertinent part:

> Pursuant to the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915 (as amended), even if I am granted leave to proceed *in forma pauperis*, I must pay the entire $350.00 filing fee in full.  I AM OBLIGATED TO PAY THE ENTIRE $350.00 REGARDLESS OF THE DISPOSITION OF THIS CASE (including dismissal).

(doc. 2 at 1) (emphasis in original).

        The court's order granting Plaintiff leave to proceed in forma pauperis reiterated this obligation (doc. 4 at 2, stating "Plaintiff is advised that dismissal or other disposition of this action will NOT relieve him of the obligation to pay the full filing fee in this case.").  Thus, Plaintiff remains

obligated to pay the filing fee in this case even though he moved to voluntarily dismiss it.  Plaintiff is advised, however, that he has avoided the assessment of a "strike" under § 1915(g)[1] by voluntarily dismissing this action rather than having it dismissed involuntarily for being frivolous, malicious, failing to state a claim for relief, or seeking monetary damages against defendants who are immune from such relief.  *See* 28 U.S.C. 1915(e)(2)(B).

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's notice of voluntary dismissal (doc. 12) be **GRANTED** and this case be **DISMISSED without prejudice**.

2. That Plaintiff's "Motion for Waiver or Dismiss [sic] Filing Fee" (doc. 13) be **DENIED**.

At Pensacola, Florida, this 30th day of April 2015.

/s/ *Elizabeth M. Timothy*

**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[1] This section provides that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  After the third meritless complaint, a prisoner with three strikes must prepay the filing fee in full for each additional suit at the time of its initiation.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

Case No.:  5:15cv19/RV/EMT